# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 17, 2023

```
* * * * * * * * * * * * *
JULIE PIERANTONI,              *   No. 19-1477V
                               *   Special Master Sanders
            Petitioner,        *
                               *
v.                             *   UNPUBLISHED
                               *
SECRETARY OF HEALTH            *   Attorneys' Fees and Costs
AND HUMAN SERVICES,            *
                               *
            Respondent.        *
* * * * * * * * * * * * *
```

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner;
*Mark K. Hellie*, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 25, 2019, Julie Pierantoni ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that the tetanus-diphtheria-acellular pertussis vaccination she received on November 10, 2017, caused her to suffer from Guillain-Barré syndrome. On December 9, 2021, Petitioner filed a motion to voluntarily dismiss her petition, and on December 17, 2021, the undersigned issued her decision dismissing the petition for insufficient proof. (ECF No. 33).

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 29, 2022, Petitioner filed a motion for attorneys' fees and costs. ("Fees App.") (ECF No. 38). Petitioner requests total attorneys' fees and costs in the amount of $16,821.96, representing $16,130.00 in attorneys' fees and $691.96 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs in pursuit of her claim. *Id.* at 2. Respondent responded to the motion on May 13, 2022, stating that Respondent "leaves it to the discretion of the Special Master to determine whether the statutory requirements for an award of fees and costs have been met in this case, particularly whether there is a reasonable basis for the claim." Resp't's Resp. at 2 (ECF No. 39). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

### I.     Reasonable Attorneys' Fees and Costs

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also not advanced *any* argument against the good faith or reasonable basis of Petitioner's claim. Respondent's position greatly contributes to the finding of reasonable basis. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and

reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests the following hourly rates for the work of her counsel, Ms. Amy Senerth: $250.00 per hour for work performed in 2019, $275.00 per hour for work performed in 2020, $300.00 per hour for work performed in 2021, and $325.00 per hour for work performed in 2022. The rates requested are consistent with what counsel has previously been awarded for her Vaccine Program work, and the undersigned finds them to be reasonable herein.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The undersigned has reviewed the submitted billing entries and finds that a small reduction to the requested fees is warranted for billed administrative tasks such as paralegals filing documents and attorneys billing time to direct their filing. *See Guerrero v. Sec'y of Health & Human Servs.*, No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), *mot. for rev. den'd in relevant part and granted in non-relevant part*, 124 Fed. Cl. 153, 160 (2015), *app. dismissed*, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). The undersigned will reduce the final award of fees by $283.50 to account for these issues.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $691.96 in attorneys' costs, comprised of acquiring medical records, postage, and the Court's filing fee. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable in the undersigned's experience. Accordingly, Petitioner is awarded the full amount of costs sought.

## II. Conclusion

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $16,130.00 |
|---|---|
| (Reduction to Fees) | - ($283.50) |
| **Total Attorneys' Fees Awarded** | **$15,846.50** |
| | |
| Attorneys' Costs Requested | $691.96 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$691.96** |
| | |
| **Total Attorneys' Fees and Costs** | **$16,538.46** |

**Accordingly, the undersigned awards a lump sum in the amount of $16,538.46, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Ms. Amy Senerth.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.